833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis E. CRAWFORD, Plaintiff-Appellant,
v.
John DOE, (1) Sheriff, John Doe, (2) Sheriff, Sheriff
Department, Prince George's County Government,
Prince George's County, Maryland,
Defendants- Appellees.
 No. 87-7192.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1987.
Decided Nov. 25, 1987.
 
 Curtis E. Crawford, appellant pro se.
 Thomas R. Hendershot and Joel David Worshtil, Williams & Huffman, PA, for appellees.
 Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis Crawford, a Maryland inmate, appeals the district court order dismissing his 42 U.S.C. Sec. 1983 action, which sought damages for an assault allegedly committed by members of the Prince George's County Sheriff's Department. On April 16, 1987, the magistrate filed his report, recommending that Crawford's claim be dismissed without prejudice due to the inability to identify the deputy sheriffs allegedly involved in the assault. A letter filed with the report informed Crawford that he had until May 6, 1987, to file objections to the report.
 
 
 2
 Crawford filed and served objections to the magistrate's report on April 30, 1987. The objections disputed the magistrate's findings and offered information concerning Crawford's whereabouts on the date of the alleged assault.
 
 
 3
 On May 14, 1987, the district court entered an order affirming and adopting the magistrate's report and dismissing the case. The order states that no objections to the magistrate's report had been filed as of May 13, 1987. Within ten days of the entry of that order, Crawford filed a motion to vacate the judgment in which he pointed out that he had filed objections to the magistrate's report. The motion sought, in the alternative, leave to appeal to this Court. The district court denied the motion, noting the denial in a marginal entry on the face of the motion.
 
 
 4
 Since Crawford's motion to vacate was filed within ten days after entry of the May 14 order (see Fed.R.Civ.P. 6), the motion is considered a Rule 59 motion. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Under Fed.R.App.P. 4(a)(4), the filing of a timely Rule 59 motion has the effect of nullifying a notice of appeal filed before disposition of the motion. Crawford's notice of appeal was filed contemporaneously with his Rule 59 motion and, therefore, is of no effect. The district court did not dispose of Crawford's Rule 59 motion until June 9, 1987, giving Crawford thirty days from that date to file a new notice of appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 5
 We conclude that the docketing statement filed by Crawford on June 23, 1987, constitutes a "notice of appeal." Papers filed by an indigent prisoner acting pro se are entitled to a liberal interpretation. Coppedge v. United States, 369 U.S. 438, 442 n. 5 (1962). A document which clearly evinces an intent to appeal and notifies the opposing party is generally considered valid notice. Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir.1974). Crawford's docketing statement complied with the requirements for notices of appeal contained in Fed.R.App.P. 3. Under Fed.R.App.P. 4(a)(1), the statement was deemed filed in the district court on June 23, 1987. Therefore, Crawford's docketing statement, liberally construed, constitutes a timely notice of appeal.
 
 
 6
 This Court need not consider whether the June 9, 1987, denial of Crawford's Rule 59 motion complied with the separate document requirement of Fed.R.Civ.P. 58 in light of the conclusion that Crawford's docketing statement constitutes a timely notice of appeal. Noncompliance with the separate document requirement of Rule 58 does not necessitate the dismissal of a timely filed appeal. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978); Hummer v. Dalton, 657 F.2d 621, 624 (4th Cir.1981); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 690-691 (1978).
 
 
 7
 A district court is required to conduct a de novo review when timely objections are filed to a magistrate's report which specifically challenge the magistrate's proposed findings. 28 U.S.C. Sec. 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir.1982). Crawford timely filed his objections. Fed.R.Civ.P. 72 & 6. Therefore, under Sec. 636(b)(1)(C), the district court was required to conduct a de novo review, which it failed to do. This failure constitutes reversible error. Orpiano, 687 F.2d at 48.
 
 
 8
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively. The district court's order is vacated, and the cause remanded for further consideration consistent with this opinion.
 
 
 9
 VACATED and REMANDED.