875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William ROBINSON, Plaintiff-Appellant,
v.
William Donald SCHAEFER, Mayor; Paul J. Davis, Warden,
Baltimore City Jail; Medical Director Fox; B.C.
J. Francis, Defendants-Appellees.
 No. 88-7288.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1989.
Decided: May 22, 1989.
 
 William Robinson, appellant pro se.
 William Rowe Phelan, Jr. (City Solicitor's Office), Otho M. Thompson (Baltimore City Department of Law), for appellees.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Robinson appeals from the district court's order denying him relief under 42 U.S.C. Sec. 1983. Robinson alleged the defendants had been deliberately indifferent to his serious medical needs and had violated his constitutional right to practice his religion. After a hearing, the magistrate recommended that judgment be entered for the defendants. Upon review of the magistrate's report and Robinson's objections thereto, the district court adopted the magistrate's report and recommendation and entered judgment against Robinson.
 
 
 2
 A de novo review of the magistrate's hearing is necessary when specific objections to the magistrate's report are filed. Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982). When making a de novo review, the district court may not rely solely on the magistrate's summary of the evidence. This Court must be satisfied that the district judge exercised his non-delegable authority by considering the actual testimony and not by merely reviewing the magistrate's report and recommendation. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985).
 
 
 3
 The order adopting the magistrate's report discloses that the district judge considered the magistrate's report and recommendation in light of Robinson's objections, but not whether a de novo review of the evidence presented at the hearing was made. The record before us does not include either a tape or a transcript of the magistrate's hearing, so we cannot conclude that these items were before the district judge. Failure to review a transcript or listen to a tape of the hearing in this case constitutes reversible error. Wimmer, 774 F.2d at 76; Orpiano, 687 F.2d at 48. We therefore vacate the order of the district court and remand this case. If the district court did undertake de novo review of the factual objections raised by Robinson by reviewing a tape or transcript of the hearing, then it should amend its order to reflect that fact. If it did not, then the district court should conduct such a review.
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 VACATED AND REMANDED.