884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Buster Alexander YANCEY, Jr., Defendant-Appellant.
 No. 88-7149.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1989.
Decided July 19, 1989.
 
 Buster Alexander Yancey, Jr., appellant pro se.
 Robert H. Edmunds, Jr., Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Buster Yancey, a federal inmate, filed this motion pursuant to 28 U.S.C. Sec. 2255 seeking to challenge his 1986 conviction of bank robbery. The case was referred to a magistrate who, on March 24, 1988, recommended that the motion be denied. In a notice attached to the magistrate's report, Yancey was informed that he must file objections to the report within ten days.
 
 
 2
 On April 15, 1988, having received no objections from Yancey, the district court adopted the report and recommendation of the magistrate without conducting a de novo review. Three days later, on April 18, Yancey's objections to the magistrate's report were filed in the district court. These objections were dated April 1, 1988, by Yancey. The district court, concluding that the objections were untimely filed, treated them as a Fed.R.Civ.P. 59 motion and issued an order denying the motion.
 
 
 3
 Though Yancey's objections were not filed in the district court within the prescribed ten-day period, these objections were dated April 1, 1988, which was within the ten-day limit. Assuming that Yancey gave the objections to prison authorities for mailing on April 1, the objections would be considered filed as of that date. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428). If this were the case, Yancey's objections would then be timely.
 
 
 4
 If, under the Houston standard, Yancey did file timely objections to the magistrate's report, he was entitled to a de novo review of the portions of the report to which he objected. Orpiano v. Johnson, 687 F.2d 44 (4th Cir.1982). Though the district court did construe Yancey's objections as a Rule 59 motion and did review them under that standard, there is no indication that the court conducted a de novo review as mandated by 28 U.S.C. Sec. 636(b)(1). Accordingly, we remand the case so that the district court can determine when Yancey's objections were given to prison authorities. If it determines that the objections were timely filed, the court can then conduct the required de novo review. Should the Court, however, find that the inmate had not given the notice to the prison authorities within the required time, it should reinstate its dismissal of the petition.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Yancey's motion for appointment of counsel is denied.
 
 
 6
 REMANDED.