902 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aaron HOLSEY, Plaintiff-Appellant,
v.
Kenneth W. ELLIS, Lieutenant; D. Angle, Correctional
Officer CO. II, Defendants-Appellees.
 No. 89-6889.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 2, 1990.
Decided April 16, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (C/A No. 81-507-K)
 Aaron Holsey, appellant pro se.
 Richard Bruce Rosenblatt, Assistant Attorney General, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aaron Holsey, a Maryland inmate, appeals from the district court's order denying him relief under 42 U.S.C. Sec. 1983. Holsey raised a variety of challenges to the conditions of his confinement at the Maryland Correctional Training Center between February 1981 and May 1982.
 
 
 2
 A magistrate recommended on June 30, 1983, that defendants' motion to dismiss be granted on all claims except the claim that Holsey had been denied the right to exercise his religious beliefs. Because the facts were not fully developed in the record, the magistrate recommended that Holsey be given the opportunity to state the facts with specificity. Holsey timely objected to the magistrate's report. The district court adopted the report and recommendation and ordered a jury trial on the remaining claim.
 
 
 3
 After several years during which the district court wrestled with procedural matters presented by this and Holsey's many other cases, the court on January 26, 1989, reconfirmed the magistrate's June 30, 1983, recommendation. The court stated that Holsey had not specified since June 30, 1983, any facts revealing that he was denied the right to exercise his religion. Holsey was warned that failure to submit factual support for the allegation by February 21, 1989, would result in entry of summary judgment for defendants on that issue.
 
 
 4
 Holsey's only response that referred to the denial of first amendment rights was a motion that the court vacate its earlier order dismissing "the substantial portions of this case and allowing only a straw issue to proceed." The court entered summary judgment on the claim. Because Holsey failed to comply with the court order and because he was warned of the consequences of noncompliance, we affirm the district court's dismissal of this claim.
 
 
 5
 However, we are constrained to vacate the district court's decision adopting the magistrate's recommendation of June 30, 1983 that Holsey's other claims be dismissed. When a case is referred to a magistrate, the district court retains the responsibility to review all of the evidence and to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. Sec. 636(b)(1); Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982). We cannot tell from the district court's opinion adopting the recommendation what review was performed. We vacate the portion of the district court's judgment adopting the recommendation to dismiss certain claims and remand to allow the district court to perform a de novo review of the objections and the record.
 
 
 6
 Because our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument. The motion for appointment of counsel is denied.
 
 AFFIRMED IN PART, VACATED AND REMANDED IN PART