9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leola M. MARSH, Claimant-Appellant,
and
Real Property In Mecklenburg County, North Carolina, Known
As Leola's Plaza, Located At 1501 West Boulevard,
and Safety Deposit Box 148, Wilkinson
Boulevard, Office of First
Citizens Bank, Defendant.
 
 No. 93-1204.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1993.
Decided Nov. 23, 1993.
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Leola M. Marsh, pro se.
 B. Frederic Williams, Jr., Office of the U.S. Atty., for plaintiff-appellee.
 W.D.N.C.
 VACATED AND REMANDED.
 Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Leola M. Marsh appeals the district court's order adopting the magistrate judge's report and recommendation of judgment in a civil forfeiture action. Because the district court failed to clearly state that it had conducted de novo review of the magistrate judge's report and recommendation, we vacate the decision below, and remand for further consideration.
 
 I.
 
 2
 On August 31, 1989, the government filed a request for forfeiture and a supporting affidavit against property[1] which was suspected of being used for the laundering of drug money. After a magistrate judge issued a warrant, the property was seized pursuant to 21 U.S.C. § 881(d) (1988). The forfeiture was based on probable cause to believe that the property was acquired with the drug money of Leroy Ragin,[2] who is currently serving a twenty-eight year prison term for money laundering and operating a continuing criminal enterprise in Charlotte, North Carolina.
 
 
 3
 On March 6, 1990, a grand jury indicted Marsh, Ragin, and Graham Davis for money laundering. Ragin pled guilty to operating a continuing criminal enterprise and was sentenced to 336 months incarceration. The charges against Marsh and Davis were dismissed.
 
 
 4
 The civil forfeiture case was referred to a magistrate judge who, after reviewing the record and conducting several hearings, concluded that there was probable cause demonstrating that Ragin's illegal drug money financed the shopping center and that Marsh failed to show how she was an "innocent owner." Marsh, through counsel, filed voluminous objections. However, the district court adopted the magistrate judge's report and recommendations without stating that de novo review had been conducted.
 
 II.
 
 5
 When timely and proper objections have been filed, a district court is required to conduct de novo review of every portion of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1) (1988 & Supp. II 1990); see also Orpiano v. Johnson 687 F.2d 44, 47-48 (4th Cir.1982). It is unclear from the district court's order whether a de novo review was conducted. Accordingly, we vacate the decision below and remand for the district court to state that it conducted de novo review if it previously did, or to conduct de novo review of the magistrate judge's report in light of Marsh's objections if it has not already done so. We dispense with oral argument because it would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The defendant property, Leola's Plaza, is a strip shopping center worth about $300,000 and is titled in the name of Leola Marsh
 
 
 [2]
 Marsh is Ragin's aunt