36 F.3d 1091
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty J. ANDERSON, Plaintiff Appellant,
v.
Debbie TURNER, Executive Director, NADD, Defendant Appellee.
 No. 94-1686.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1994.
Decided September 26, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-91-1892-3-OBD)
 Betty J. Anderson, appellant pro se.
 Franklin Grady Shuler, Jr., Turner, Padget, Graham & Laney, P.A., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Appellant appeals from the district court's order granting summary judgment to the Appellee on her claims of employment discrimination and wrongful termination. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Anderson v. Turner, No. CA-91-1892-3-OBD (D.S.C. Apr. 18, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The district court did not conduct a de novo review because Appellant's objections to the magistrate judge's report and recommendation were not sufficiently specific. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). The failure to conduct a de novo review was, at most, harmless error. It is clear from the record that the magistrate judge's recommendation was correct, and that Appellant failed to make a prima facie case on any of her claims of discrimination. Her pendant state claims are likewise without merit. See generally St. Mary's Honor Ctr. v. Hicks, 61 U.S.L.W. 4782 (U.S.1993); Pandazides v. Virginia Bd. of Educ., 946 F.2d 345 (4th Cir.1991); Smith v. University of North Carolina, 632 F.2d 316, 332 (4th Cir.1980); S.C.Code Ann. Sec. 1-13-90(d)(6) (Law. Co-op. Supp.1993)