56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 David FELTON, Plaintiff--Appellant,
v.
Lee BOUNDS; Marvin L. Polk; Asst Supt Assistant
Superintendent Edmonds; Asst Supt Assistant Superintendent
Abbot; Asst Supt Assistant Superintendent Overman; Asst
Supt Assistant Superintendent Dement; Nurse Moon; Nurse
Pace; Nurse Sharon; Nurse Bailey; Doctor Shan;
Disciplinary Board; Franklin E. Freeman, Jr., Defendants--Appellees,
and
Marvin SPARROW; Asst Supt Assistant Superintendent Lynch;
R. Bunn; Doctor Mobley, Defendants.
 No. 95-6206.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995
Decided May 25, 1995
 
 David Felton, Appellant Pro Se. Jane Ray Garvey, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, NC, for appellees.
 Before WIDENER, WILKINSON, and WILKINS Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation, and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Felton v. Bounds, No. CA-92-770-CRT-BO (E.D.N.C. Nov. 16, 1994 and Jan. 13, 1995).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Though the district court did not state in its January 1995 order that it had conducted de novo review of those portions of the magistrate judge's report to which Appellant objected, see 28 U.S.C.A. Sec. 636(b)(1)(B) (West 1993), such review was not required since Appellant's objections were general and conclusory and did not direct the court to any specific error. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982)