81 F.3d 153
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger D. YOUNG, Plaintiff-Appellant,
v.
L. Davis BUTLER, Defendant-Appellee.
 No. 95-6500.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 12, 1995.
Decided: April 1, 1996.
 
 Roger D. Young, Appellant Pro Se. Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, NC, for Appellee.
 Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant filed this civil action under 42 U.S.C. § 1983 (1988) against a Senior Case Analyst for the North Carolina Parole Commission, alleging that Defendant denied him parole because he is white. Defendant filed a motion for summary judgment which was referred to a magistrate judge for recommendations pursuant to 28 U.S.C. § 636(b)(1) (1988). The magistrate judge recommended granting Defendant's motion. During the statutory period for filing objections to the magistrate judge's report, Appellant filed an "appeal" containing specific objections to many of the recommended findings. The district court treated this filing as a notice of appeal. The district court then entered a final order adopting the magistrate judge's report and granting summary judgment to Defendant. The court found that Appellant failed to file timely objections to the magistrate judge's findings. Within the applicable appeal period, Appellant filed a docketing statement with this court which contained all the information of a valid notice of appeal under Fed. R.App. P. 3(c). Appellant also filed a certificate of service stating that he mailed a copy of the docketing statement to defense counsel.
 
 
 2
 We construe Young's docketing statement as a timely notice of appeal from the district court's order. The Supreme Court has held that a document is a valid notice of appeal if it satisfies the notice and content requirements of Fed. R.App. P. 3(c). Smith v. Barry, 502 U.S. 244, 248-49 (1992). "[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Id. at 248. As mentioned, the docketing statement contained the required information. Moreover, Young filed a certificate of service confirming that he mailed a copy of the docketing statement to defense counsel. Therefore, Appellant satisfied the requirements of Smith.
 
 
 3
 Giving Appellant's "appeal" from the magistrate judge's report a liberal construction, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978), we find that such an appeal filed within the objection period should be construed as timely objections to the magistrate judge's report. Appellant cited Fed.R.Civ.P. 72(b), which outlines the procedures for objecting to the magistrate judge's report, as the authority for his "appeal." Moreover, he included a list of specific "objections" to the magistrate judge's findings. We therefore vacate the district court's final order and remand the case to the district court with instructions to construe the Appellant's notice of appeal as timely objections and conduct the appropriate de novo review of the challenged findings. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir.1982). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED