**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER D. YOUNG,
Plaintiff-Appellant,

v.                                                                No. 95-6500

L. DAVIS BUTLER,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-93-729)

Submitted: September 12, 1995

Decided: April 1, 1996

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Young, Appellant Pro Se. Jacob Leonard Safron, Special
Deputy Attorney General, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant filed this civil action under 42 U.S.C.§ 1983 (1988) against a Senior Case Analyst for the North Carolina Parole Commission, alleging that Defendant denied him parole because he is white. Defendant filed a motion for summary judgment which was referred to a magistrate judge for recommendations pursuant to 28 U.S.C. § 636(b)(1) (1988). The magistrate judge recommended granting Defendant's motion. During the statutory period for filing objections to the magistrate judge's report, Appellant filed an"appeal" containing specific objections to many of the recommended findings. The district court treated this filing as a notice of appeal. The district court then entered a final order adopting the magistrate judge's report and granting summary judgment to Defendant. The court found that Appellant failed to file timely objections to the magistrate judge's findings. Within the applicable appeal period, Appellant filed a docketing statement with this court which contained all the information of a valid notice of appeal under Fed. R. App. P. 3(c). Appellant also filed a certificate of service stating that he mailed a copy of the docketing statement to defense counsel.

We construe Young's docketing statement as a timely notice of appeal from the district court's order. The Supreme Court has held that a document is a valid notice of appeal if it satisfies the notice and content requirements of Fed. R. App. P. 3(c). Smith v. Barry, 502 U.S. 244, 248-49 (1992). "[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Id. at 248. As mentioned, the docketing statement contained the required information. Moreover, Young filed a certificate of service confirming that he mailed a copy of the docketing statement to defense counsel. Therefore, Appellant satisfied the requirements of Smith.

Giving Appellant's "appeal" from the magistrate judge's report a liberal construction, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978), we find that such an appeal filed within the objection period should be construed as timely objections to the magistrate judge's report. Appellant cited Fed. R. Civ. P.

2

72(b), which outlines the procedures for objecting to the magistrate judge's report, as the authority for his "appeal." Moreover, he included a list of specific "objections" to the magistrate judge's findings. We therefore vacate the district court's final order and remand the case to the district court with instructions to construe the Appellant's notice of appeal as timely objections and conduct the appropriate de novo review of the challenged findings. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3