**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WALDON KEITH DAVIS,
Petitioner-Appellant,

v.

No. 95-7656

WILLIAM C. DUNCIL, Warden,
Huttonsville Correctional Center,
Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-95-513-2)

Submitted: February 20, 1996

Decided: April 1, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Waldon Keith Davis, Appellant Pro Se. Darrell V. McGraw, Jr.,
Scott E. Johnson, OFFICE OF THE ATTORNEY GENERAL OF
WEST VIRGINIA, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Waldon Keith Davis, a West Virginia inmate, appeals the dismissal of his 28 U.S.C. § 2254 petition. The case was referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C.A. § 636(b)(1) (West 1993). On September 26, 1995, the magistrate judge filed a recommendation that the petition be dismissed and stated that Davis had thirteen days from September 26 to file objections to the report.* Computing the time for objections in accordance with Fed. R. Civ. P. 6(a), (e), 72(b), Davis' objections were due on October 16.

In an order filed October 11, the district court noted that no objections to the magistrate judge's recommendation had been timely filed and adopted the recommendation without a de novo review. On October 15, Davis filed a document in this court, signed October 5 and labeled "Petition for Writ of Habeas Corpus, Adsubjiciendum," which was rerouted to district court and filed there on October 18. The district court construed Davis' filing as a notice of appeal.

If Davis' petition, filed on October 18, is treated as timely-filed objections, the district court's order would nevertheless have been appropriate. The district court is required to "make a de novo determination of those portions of the [magistrate's] proposed findings and recommendations to which objection is made." 28 U.S.C.A. § 636(c)(1)(B). Specific objections are necessary in order to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). Because general objections do not direct the court's atten-

_____

*Although Fed. R. Civ. P. 72(b) sets the objection period at only ten days, the magistrate judge was probably including the additional three-day period applicable when service is made by mail under Fed. R. Civ. P. 6(e). See Fed. R. Civ. P. 72(b) advisory committee's note.

2

tion to any specific portions of the report, general objections to a magistrate judge's report are tantamount to a failure to object. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 529 (6th Cir. 1991); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review not required where objections are general and conclusory). A failure to object waives appellate review. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985).

Davis' "objections" are presented as a memorandum nearly identical to his § 2254 petition. This "rehash" does not specify any objection to the magistrate judge's factual or legal recommendations. Davis' general objections waived appellate review. Accordingly, even if the district court had treated Davis' petition as objections, the result would have been the same.

We therefore deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED