**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA R. MILES,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 96-2235

RICHLAND MEMORIAL HOSPITAL,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-95-127-3-17BD)

Submitted: February 27, 1997

Decided: March 12, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Virginia R. Miles, Appellant Pro Se. Marvin Richbourg Roberson,
GIGNILLIAT, SAVITZ & BETTIS, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virginia R. Miles appeals the district court's order dismissing her complaint, filed pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12213 (1994), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-16 (1994), alleging job discrimination based on her handicaps and her religion.* Appellant's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended granting the Appellee's motion for summary judgment and advised Appellant that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

Appellant's general objections to the magistrate judge's report are presented as a memorandum, rehashing the claims asserted in her complaint. They do not challenge the magistrate judge's conclusion that Appellant failed to adduce sufficient evidence that her impairments substantially limit one of her major life activities or that any discrimination was based on these disabilities. These objections also do not challenge the magistrate judge's finding that Appellant had failed to produce any evidence to support her claim that the Appellee discriminated against her based on her religion.

Specific objections are necessary to focus the court's attention on disputed issues. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985). Because general objections to a magistrate judge's report do not direct the court's attention to any specific portion of the report, they are tantamount to a failure to object. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review). A failure to object waives appellate review. See Wright v. Collins, 766

_____

*Miles asserts that she suffers from diabetes and hearing loss in her left ear.

2

F.2d 841, 845-46 (4th Cir. 1985). Consequently, the district court properly adopted the magistrate judge's recommendation.

Accordingly, we affirm the dismissal of Appellant's action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3