Quintin ORPIANO, Appellant,

v.

Gene M. JOHNSON, Warden; W. P. Rodgers, Asst. Warden (Security); R. A. Clendenen Correctional Corporal, Appellees.

No. 81–6584.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1982.

Decided Sept. 10, 1982.

Robert L. Flax, Richmond, Va., for appellant.

Richard F. Gorman, III, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellees.

Before WIDENER, ERVIN and CHAPMAN, Circuit Judges.

ERVIN, Circuit Judge:

This appeal raises the issues whether a prisoner's § 1983 action was properly referred to a magistrate under 28 U.S.C. § 636(b)(1)(B) without the prisoner's consent, and whether the district court made a proper review of the record before accepting the magistrate's recommendations. We hold that consent from the prisoner was not necessary to refer this case to a magistrate, but that the district court failed to make the required review of the evidence before accepting the magistrate's recommendations. Accordingly, we reverse and remand.

## I.

Mr. Quintin Orpiano was an inmate at the Powhatan Correctional Center in Virginia when he brought this action under 42 U.S.C. § 1983 alleging that the warden, assistant warden and the corrections corporal conspired to mislead him to believe that charges of assaulting a corrections officer, setting a fire and destroying public property would be dropped and would not affect his prospects for a transfer. The district court referred the case to a magistrate over Orpiano's objection. After conducting an evidentiary hearing, the magistrate concluded that there had been no conspiracy against him and, therefore, no damages should be awarded. The magistrate did find, however, that the prison officials failed to communicate clearly to Orpiano what actions were to be taken concerning the charges. This failure violated Orpiano's right to due process, the magistrate concluded, because it prevented him from exercising his rights to defend himself. To remedy this deprivation, the magistrate recommended that the district court order the prison officials to expunge from Orpiano's records three convictions resulting from the charges and restore to him any good conduct time lost as a result of those convictions.

The magistrate's hearing was recorded but apparently no transcript was made and no transcript accompanied the magistrate's recommendations. Orpiano filed timely objections to the report including an objection that the magistrate erred in finding that Orpiano had not served any time in isolation as a result of the charges. The district court described Orpiano's objections as

"conclusory and general" and accepted the magistrate's findings and recommendations without reviewing the evidence.

## II.

District courts are empowered by the Magistrate's Act to refer several types of cases to magistrates. Under 28 U.S.C. § 636(b)(2), a district court may "designate a magistrate to serve as a special master in any civil case; upon consent of the parties . . . ." Under 28 U.S.C. § 636(b)(1)(B),

> a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition by a judge of the court, of any motion excepted in paragraph (4) of applications for post-trial relief made by individuals convicted of criminal offenses and of *prisoner petitions challenging conditions of confinement.*

(emphasis added). Designation of a magistrate to serve as a special master under § 636(b)(2), of course, requires the parties' consent, whereas referral of a prisoner petition challenging the conditions of confinement under § 636(b)(1)(B) does not. *See generally Matthews v. Weber*, 423 U.S. 261, 272, 96 S.Ct. 549, 555, 46 L.Ed.2d 483 (1976).

■ Orpiano's § 1983 claim that he was intentionally misled into believing that the charges would be dropped and would not endanger his prospects for a transfer from Powhatan appears to be one challenging the conditions of his confinement, and thus falls within the express language of § 636(b)(1)(B). Further, relevant legislative history and caselaw convinces us that Orpiano's action was properly referred to a magistrate under § 636(b)(1)(B) without his consent.

The House Report accompanying the Magistrate's Act specifically states that a magistrate could be charged with conducting hearings and making proposed findings and recommendations for a prisoner petition brought under 42 U.S.C. § 1983. H.R. Rep.No. 1609, 94th Cong., 2d Sess. 4, *reprinted in* (1976) *U.S.Code Cong. & Ad.*

*News* 6162, 6166. This court has held in an unpublished opinion that a prisoner's § 1983 claim alleging unconstitutional deprivation of medical treatment was a petition concerning conditions of confinement and was properly referred to a magistrate over the prisoner's objections under § 636(b)(1)(B). *See Smith v. Hartman*, 609 F.2d 510 (4th Cir. 1979). *See also Coleman v. Hutto*, 500 F.Supp. 586 (E.D.Va.1980).

A more detailed discussion of the issue was made by the Seventh Circuit in *Hill v. Jenkins*, 603 F.2d 1256 (7th Cir. 1979). In *Hill*, the plaintiff was an inmate at the Indiana State Prison who alleged in his § 1983 action that certain prison officials' actions during a prison shakedown caused him to lose certain items of property from his locker in violation of his fourth and fourteenth amendment rights. The case was assigned to a magistrate *sua sponte* without the consent of the parties and an evidentiary hearing was held. At the conclusion of the hearing, the magistrate asked both sides to submit proposed findings of fact and conclusions of law. The plaintiff, acting *pro se*, asked the district court how to submit proposed findings and conclusions, but did not receive a response. He filed no recommendations. The prison officials filed their proposed findings and conclusions with the district court rather than the magistrate. The magistrate made no recommendations and the court accepted verbatim the proposed findings and conclusions submitted by the defendants. No record of the proceedings before the magistrate was filed with the district court until after it adopted the defendants' recommendations.

On these facts the Seventh Circuit held that the district court erred in referring the case to a magistrate without the consent of the parties because the hearing before the magistrate was, for all intents and purposes, a civil trial. The court also found the district court's failure to make a *de novo* review of the record or have the record before him to be error warranting reversal.

In reaching this result, the majority in *Hill* did not specifically conclude that Hill's

*Parratt*-type loss of property claim, *see Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), was not a prisoner petition challenging the conditions of confinement and, therefore, was not referable to a magistrate under § 636(b)(1)(B). Judge Swygert in his concurring opinion, however, addressed the issue:

> Congress has limited a magistrate's jurisdiction over prisoners' petitions to those which challenge "conditions of confinement." Presumably, that phrase encompasses ongoing prison practices and regulations with regard to matters such as placement in maximum security, deadlocks, unhealthy living conditions, unnecessary exposure to violence-prone inmates, overcrowded physical environments, and cruel or unusual punishment by prison authorities. In the case at bar, the plaintiff is not challenging any conditions of his confinement; rather he seeks damages for the loss of his property resulting from a single incident that occurred in prison. To include this case under the statutory rubric of section 636(b)(1)(B) would require a strained interpretation that no logic could justify.

603 F.2d at 1260 (Swygert, J., concurring).

Our reading of § 636(b)(1)(B) comports with Judge Swygert's. The claim by Orpiano is that because of the administrative procedure under which the charges are brought against him, he has lost "good time," has spent time in isolation, and had a reduced chance of a transfer from Powhatan. His claim, therefore, concerns the conditions of his confinement and was properly referred to a magistrate under § 636(b)(1)(B).

### III.

After a magistrate's report is filed with the district court, 28 U.S.C. § 636(b)(1) provides that any party

> may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.

Although the language of the statute seems to require in every case a *de novo* determination of the portions of the magistrate's report to which objections have been made, we note that other courts have recognized several exceptions. Untimely filing of objections may result in a waiver of a right to *de novo* review. *Webb v. Califano*, 468 F.Supp. 825 (D.C.Cal.1979). Likewise, when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with. *Braxton v. Estelle*, 641 F.2d 392 (5th Cir. 1981). Courts have also held *de novo* review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations. *See, e.g., United States v. Mertz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C.Cir.1980).

Here, Orpiano filed his objections in a timely fashion, but the district court felt that a *de novo* determination of the portions Orpiano objected to was unnecessary, stating,

> (t)he magistrate's report is thorough and relevant to the issues presented. No specific error except a refusal to credit all of the plaintiff's assertions is assigned to it. No detailed re-examination of the evidence is required to answer the plaintiff's general objections and they will be overruled . . . .

■ Although some of Orpiano's objections were general and concerned strictly legal questions, others challenged the magistrate's proposed factual findings and the relief recommended. Orpiano specifically objected to the proposed finding that he did not serve time in isolation as a result of the acts of the prison officials and that the relief recommended was inadequate. Even if we accept the rule that a *de novo* review of the evidence is unnecessary when a party fails to file specific objections to proposed factual findings, that rule does not support

the district court's action in this case. In short, this is not a case of waiver, or one in which *de novo* review by the district court was unnecessary. Several of Orpiano's objections specifically challenged the magistrate's proposed factual findings. Proper ruling on those objections required a *de novo* determination by the district court. The fact that Orpiano was acting *pro se* should have encouraged the district court to read his objections broadly rather than in the narrow manner in which it did. Failure to review the evidence presented to the magistrate and failure even to have a transcript filed with the district court[1] in this case was reversible error. We remand for a *de novo* review of the factual objections raised, after a transcript of proceedings before the magistrate has been made.

REVERSED AND REMANDED.

---

1. We note that the Fifth Circuit has held that failure to have a transcript before the district court, which also is the case here, was reversible error because it affords the district court no opportunity to make a *de novo* review of the findings that were challenged. *See Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352 (5th Cir. 1980); *United States v. Lewis*, 621 F.2d 1382 (5th Cir. 1980).