993 F.2d 1535
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Taylor BOWLES, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF THE STATE OF MARYLAND; Caroline George,
Respondents-Appellees,
and
Robert MCDONALD, Respondent.
 No. 92-7179.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 8, 1993
May 17, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-91-1468-N)
 John Taylor Bowles, Appellant Pro Se.
 Diane Elizabeth Keller, Assistant Attorney General, Valerie Johnston Smith, Office of the Attorney General of Maryland, Baltimore, Maryland, for Appellees.
 D.Md.
 VACATED AND REMANDED.
 OPINION
 Before PHILLIPS, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Taylor Bowles seeks to appeal the district court's order adopting the magistrate judge's report and denying relief under 28 U.S.C. § 2254 (1988). Because the district court failed to clearly state that it had conducted de novo review of the magistrate judge's report, we grant a certificate of probable cause to appeal, vacate the decision below, and remand for further consideration.
 
 
 2
 Bowles filed a petition under § 2254 and the case was referred to a magistrate judge for a report and recommendation. The magistrate judge filed a report dated March 17, 1992; however, it was not entered on the docket until November 16. The report did not contain a notice to Bowles that he could file objections to the report, the time in which he was required to file any objections, or the effect of any failure to file objections. Nonetheless, Bowles filed objections on July 23. In an order dated October 13, but not entered on the docket until November 18, the district court adopted the magistrate judge's report, but did not state that de novo review had been conducted.
 
 
 3
 When timely and proper objections have been filed, a district court is required to conduct de novo review. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Furthermore, a pro se litigant must receive fair notification of the consequences of failing to object to the magistrate judge's report before his failure to do so may be treated as a default. Wright v. Collins, 766 F.2d 841, 846-47 (4th Cir. 1985). Even if Bowles's objections were considered untimely, the failure to provide proper notice would preclude the finding of any waiver on Bowles's part.
 
 
 4
 Accordingly, we grant a certificate of probable cause to appeal. We vacate the decision below and remand for the district court to state that it conducted de novo review if it previously did, or to conduct de novo review of the magistrate judge's report in light of Bowles's objections if it has not already done so. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED