**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-7812**

---

CHESTER WHITE,

Petitioner - Appellant,

versus

RONALD J. ANGELONE, Director of the Virginia
Department of Corrections,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  J. Calvitt Clarke, Jr., Senior District Judge.  (CA-96-415-2)

---

Submitted:  March 13, 1997          Decided:  March 20, 1997

---

Before HALL, ERVIN, and WILKINS, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Chester White, Appellant Pro Se. Robert H. Anderson, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals the magistrate judge's report recommending dismissal of his petition filed under 28 U.S.C.A. § 2254 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order. Although the district court has entered a final order, Appellant did not note an appeal of the final order, nor did he challenge the final order in his informal brief filed in this court.[*]

We deny a certificate of appealability and dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Even if his original notice of appeal conferred jurisdiction on this court, Appellant waived review by failing to file specific objections to the magistrate judge's report in the district court. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

2