**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 97-7577

RALPH RAMEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-92-140, CA-97-412-2)

Submitted: January 27, 1998

Decided: February 12, 1998

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Ralph Ramey, Appellant Pro Se. Michael Lee Keller, OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ralph Ramey appeals from the district court's order denying relief on Ramey's motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). The district court denied relief upon the recommendation of the magistrate judge. Although we express no opinion regarding the merits of Ramey's § 2255 motion, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings.

The magistrate judge's recommendation stated that the parties had thirteen days within which to file objections, not ten days as allowed under 28 U.S.C. § 636(b) (1994), Fed. R. Civ. P. 72, and Rule 8(b) of the Rules Governing Section 2255 Proceedings. There was no other notice of the right to file objections attached to the recommendation.

Ramey served objections to the recommendation on the thirteenth calendar day. However, before the district court received a copy of the objections, it issued an order adopting the magistrate judge's recommendation based on Ramey's failure to object. The district court did not consider Ramey's objections in its order, and thus did not make a decision on the disputed issues de novo.

Ramey gave his objections to prison officials for mailing within the time limit set by the magistrate judge, so his objections are considered timely. See Houston v. Lack, 487 U.S. 266, 276 (1988). Even if the magistrate judge had given Ramey ten days to object, in accordance with § 636(b) and the applicable rules, the objections would be timely because intervening weekends and holidays would be excluded from the calculation. See Fed. R. Civ. P. 6(a). Under 28 U.S.C. § 636(b), the district court is obligated to review de novo those portions of the magistrate judge's recommendation to which timely objections are filed. See United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984). Because Ramey made timely objections to the magistrate's recommendation, the district court's error was not harmless. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

2

Accordingly, we vacate the district court's order and remand the matter for the district court to conduct the required de novo review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3