**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GREGORY BYERS,
Plaintiff-Appellant,

v.                                                          No. 97-2063

GALEY & LORD, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-96-1619-4-22BE)

Submitted: May 19, 1998

Decided: June 18, 1998

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Byers, Appellant Pro Se. Richard Allison Phinney,
OGLETREE, DEAKINS, NASH, SMOAK, STEWART, L.L.P.,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Byers appeals from the district court's judgment accepting the magistrate judge's recommendation to grant in part and deny in part the employer's motion for summary judgment in this action filed under Title VII of the Civil Rights Act of 1964, as amended. Although we express no opinion as to the ultimate success of Byers' claims, we vacate the district court's judgment and remand for further proceedings.

Byers filed timely objections to the magistrate judge's report and recommendation that the motion for summary judgment be granted on his claims of racial discrimination and retaliation.* The district court was required to review the disputed issues de novo. See 28 U.S.C. § 636(b)(1) (1994); Wimmer v. Cook, 774 F.2d 68, 73 (4th Cir. 1985). Although the district court's judgment stated that the court heard the issues, it appears that the court inadvertently failed to consider Byers' objections to the magistrate judge's report and, therefore, did not conduct the required de novo review. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). We therefore vacate this portion of the district court's judgment and remand for the court to conduct the proper review.

With regard to Byers' gender discrimination claim, the district court did not address the magistrate judge's recommendation to deny summary judgment on that claim; rather, the judgment dismissed that claim without prejudice for failure to prosecute. Because the district court provided no reasoning for its decision, meaningful appellate review is not possible. See, e.g., Creekmore v. United States, 905 F.2d 1508, 1512 (11th Cir. 1990) (vacating and remanding district court order in Federal Tort Claims Act action because court of appeals was "unwilling to affirm or reverse an opinion whose ultimate holding [it found] impossible to construe"). On remand, the district court should address the magistrate judge's recommendation as to the gender dis-

_____

*Byers did not object to the magistrate judge's recommendation to deny summary judgment on his gender discrimination claim. We note that the employer filed no objection to that recommendation.

2

crimination claim and provide reasoning sufficient for this court to review.

Accordingly, we vacate the judgment of the district court and remand for further proceedings in the district court consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3