**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS EDWARD HESTER,
Petitioner-Appellant,

v.

NORTH CAROLINA ATTORNEY
GENERAL,
Respondent-Appellee.

No. 99-6445

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CA-98-459-1)

Submitted: August 17, 1999

Decided: October 21, 1999

Before HAMILTON, MICHAEL, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Edward Hester, Appellant Pro Se. Clarence Joe DelForge,
III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Edward Hester appeals from the magistrate judge's report recommending denial of his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999) petition. The petition challenged Hester's guilty plea to second degree murder, assault with a deadly weapon, and discharging a weapon into an occupied building.

The magistrate judge issued a report and recommendation, advising the district court to deny Hester's claims of due process violations and ineffective assistance. The magistrate judge advised the parties of their right to file specific objections to his report and recommendation within ten days of the filing of the report and that failure to do so could bar parties from raising such issues on appeal.

Hester did not file objections to the magistrate judge's report and recommendation. However, within the ten day objection period, Hester filed a notice of intent to appeal the magistrate judge's report to this court. After Hester noted his appeal, the district court entered a final order, noting that no objections had been filed and accepting the findings of the magistrate judge. Hester did not file a notice of appeal from the final order.

This court may exercise jurisdiction only over final orders, see 28 U.S.C. § 1291 (1994), and certain interlocutory orders. See 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949). The magistrate judge's report is not such an order. However, giving Hester's document a liberal construction, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), we construe the notice of appeal as objections to the magistrate judge's report.

However, a district court need not conduct de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Howard v. Secretary of Health & Human Servs., 932 F.2d

2

505, 508-09 (6th Cir. 1991) (general objections are insufficient to pre-serve appellate review). Here, Hester made only the most general of objections by merely stating his desire to appeal.

Because Hester was warned of the consequences of failing to file specific objections and because he failed to specify the portions of the magistrate judge's report to which he objected, we find that Hester has waived appellate review. See United States v. Schronce, 727 F.2d 93-94 (4th Cir. 1994) (failure to file objections waives appellate review). Therefore, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3