**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 99-2182**

————————

WYNDHAM H. GABHART,

Plaintiff - Appellant,

versus

MARK T. CALLOWAY, U. S. Attorney, Western Dis-
trict of North Carolina,

Defendant - Appellee.

————————

Appeal from the United States District Court for the Western Dis-
trict of North Carolina, at Statesville.  Richard L. Voorhees, Dis-
trict Judge.  (CA-96-131-5-V)

————————

Submitted:  January 18, 2000          Decided:  February 4, 2000

————————

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Wyndham H. Gabhart, Appellant Pro Se.  Joseph L. Brinkley, OFFICE
OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Wyndham H. Gabhart appeals from the district court's order denying relief on his complaint seeking a declaratory judgment under 28 U.S.C. § 2201 (1994). We have reviewed the record and the district court's opinion and find to the extent that Gabhart's objections to the magistrate judge's report were sufficient to preserve appellate review, there was no reversible error. Accordingly, we affirm on the reasoning of the district court. See Gabhart v. Calloway, No. CA-96-131-5-V (W.D.N.C. Aug. 4, 1999);[*] see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's judgment or order is marked as "filed" on July 30, 1999, the district court's records show that it was entered on the docket sheet on August 4, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).