**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1050**

---

HENRY FLOYD GILCHRIST,

Plaintiff - Appellant,

versus

THE DEPARTMENT OF VETERANS AFFAIRS,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., District
Judge.  (CA-01-2522-7)

---

Submitted:  March 6, 2003          Decided:  March 17, 2003

---

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Henry Floyd Gilchrist, Appellant Pro Se.  Robert F. Daley, Jr.,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Henry Floyd Gilchrist appeals the district court's order dismissing his civil action alleging employment discrimination. Gilchrist's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2000). The magistrate judge recommended that the employer's motion for summary judgment be granted and clearly advised Gilchrist that failure to file specific and timely objections to his recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Gilchrist failed to file specific objections to the magistrate judge's recommendation.

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Fed. R. Civ. P. 72(b). The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to so object will waive appellate review. Orpiano, 687 F.3d at 47. As found by the district court, Gilchrist has waived appellate review by failing to

2

direct the district court to specific errors in the magistrate judge's report and recommendation. <u>United States v. Schronce</u>, 727 F.2d 91, 93-94 (4th Cir. 1994) (failure to file objections waives appellate review).  Accordingly, we affirm the district court's order.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] The district court also found that the magistrate judge's recommendation to grant summary judgment was correct, in any event, as the record was undisputed that Gilchrist voluntarily left his employment.