UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN D. EASTWOOD,
              *Plaintiff-Appellant,*

v.

LARRY HUFFMAN; JAMES SISK; DORIS
L. EWING; MICHAEL J. COMBS; D. H.
AUSTIN; R. DAVIS; NURSE MURPHY;
B. WRIGHT; F. W. GREENE; R. JONES,
              *Defendants-Appellees.*

No. 02-7428

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-01-768-3)

Submitted: February 28, 2003

Decided: May 1, 2003

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

---

**COUNSEL**

John D. Eastwood, Appellant Pro Se. Pamela Anne Sargent, Assistant
Attorney General, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John D. Eastwood appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 42 U.S.C. § 1983 (2000) complaint. Eastwood presents claims of inadequate medical care and improper calculation of his term of imprisonment. We affirm the grant of summary judgment to the Defendants as to the medical care claim on the reasoning of the district court. *Eastwood v. Huffman*, No. CA-01-768-3 (E.D. Va. Aug. 26, 2002).

Eastwood claimed that his term of imprisonment was not properly calculated because his sentence was never credited with a period of 107 days during which he was incarcerated in Brevard County Jail in Florida awaiting extradition to Virginia. The Defendants relied on the affidavit of James Sisk in opposing this claim. Although Sisk's affidavit asserts that Eastwood's time was properly calculated, it does not mention the 107 days and does not address the sentence imposed on Eastwood on April 3, 1997. The magistrate judge recommended denying relief on this claim based on his determination that Eastwood did not provide an adequate factual basis for it. In response, Eastwood submitted his own affidavit describing his sentences and identifying the individuals responsible for the calculation of his sentence. He also submitted documentation establishing that he was incarcerated in Florida for 107 days pending extradition to Virginia. The district court adopted the magistrate judge's recommendation but its opinion does not specifically state that the court conducted a de novo review. Moreover, the court did not address the evidence submitted by Eastwood regarding the calculation of his sentence. When, as here, objections to a magistrate judge's recommendation have been filed, de novo review by an Article III judge is not only required by statute, *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982), but is indispensable to the constitutionality of the Magistrate Judge's Act. *United States v. Raddatz*, 447 U.S. 667, 681-82 (1980). Because we cannot

say with certainty on the present record that Eastwood's sentence cal-
culation claim is meritless, and because the district court's opinion
does not state that the court conducted a de novo review, we vacate
as to this claim and remand for further proceedings.

We dispense with oral argument because the facts and legal conten-
tions are adequately presented in the materials before the court and
argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED*

*AND REMANDED IN PART*