**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6608

MILTON TOWNSEND,

Plaintiff - Appellant,

versus

W. P. ROGERS, Regional Director; MARCIA SEAY,
Institutional Ombudsman; SUSAN CARSON,
Operations Officer; ALTON BASKERVILLE, Warden;
SHEILA HUGHES, Assistant Grievance Ombudsman,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Richard L. Williams, Senior
District Judge. (CA-03-781)

Submitted: June 9, 2004                Decided: July 7, 2004

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Milton Townsend, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Milton Townsend, a Virginia inmate, appeals the district court's order adopting the magistrate judge's report and recommendation and dismissing Townsend's complaint under 42 U.S.C. § 1983 (2000) for failure to object to the magistrate judge's report and recommendation. We remand for further factual findings.

On appeal, Townsend alleges that he never received the February 27, 2004 report and recommendation. A party who fails to object in writing within ten days to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations and is barred from contesting these determinations on appeal. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). However, the waiver of appellate rights for failing to object to a magistrate judge's report and recommendation is not a jurisdictional requirement. United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984). Consequently, when a litigant is proceeding pro se, he must be given fair notice of the consequences of failing to object before a procedural default will result. Wright, 766 F.2d at 846.

When objections to a magistrate judge's determinations have been filed, de novo review by an Article III judge is not only required by statute, Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982), it is indispensable to the constitutionality of the Magistrate Judge's Act. See United States v. Raddatz, 447 U.S.

667, 681-82 (1980). If Townsend's contentions are true, he did not receive any notice of the consequences of failing to object to the magistrate judge's report and may have been prevented from timely filing objections preserving appellate review.

Accordingly, because the record on appeal is insufficient to determine whether Townsend actually received a copy of the magistrate judge's report and recommendation, we remand to the district court for further proceedings to determine whether Townsend received adequate notice of the magistrate judge's report and recommendation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED