**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7914**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GRAY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Charles H. Haden II, District Judge.  (CR-00-186; CA-02-1355)

———————

Submitted:  March 30, 2005          Decided:  October 13, 2005

———————

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

James Gray, Appellant Pro Se.  Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Gray appeals the district court's orders accepting the magistrate judge's recommendation to deny relief on his 28 U.S.C. § 2255 (2000) motion, denying a motion for certificate of appealability, and denying his subsequent motion for reconsideration. Gray maintains on appeal, as he did below, that he never received the magistrate judge's May 14, 2003 Proposed Findings and Recommendation ("PF&R").[*]

A party who fails to object in writing within ten days to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations and is barred from contesting these determinations on appeal. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). However, the waiver of appellate rights for failing to object to a magistrate judge's report and recommendation is not a jurisdictional requirement. United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984). Consequently, when a litigant is proceeding pro se, he must be given fair notice of the consequences of failing to object before a procedural default will result. Wright, 766 F.2d at 846.

---

[*]On remand from this court, the district court granted Gray's motion to reopen the time to note an appeal under Fed. R. App. P. 4(a)(6), finding that Gray did not receive timely notice of the district court's judgment order.

- 2 -

When objections to a magistrate judge's determinations have been filed, de novo review by an Article III judge is not only required by statute, Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982), it is indispensable to the constitutionality of the Magistrate Judge's Act. See United States v. Raddatz, 447 U.S. 667, 681-82 (1980). If Gray's contentions are true, he timely received neither the PF&R nor notice of the consequences of failing to object to the report.

Accordingly, we grant a certificate of appealability, vacate the order of the district court, and remand so that the district court can determine whether Gray timely received adequate notice of the PF&R. If the district court determines that the PF&R was not timely received by Gray, the court should serve Gray with a copy of the PF&R, permit Gray to file objections and then conduct the requisite review. Should the court find that Gray did timely receive the PF&R and the attendant notice, it should reinstate its dismissal of the § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED