**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2289

WESLEY EDWARD SMITH, III; LESHELL D. SMITH,

Plaintiffs - Appellants,

v.

WASHINGTON MUTUAL BANK FA, successor to WASHINGTON MUTUAL
HOME LOANS, successor in interest by merger to FLEET
MORTGAGE CORPORATION other WASHINGTON MUTUAL HOME LOANS
INCORPORATED; CTX MORTGAGE CORPORATION LLC; CENTEX HOMES
INCORPORATED; BILL EVERETTE; CHERYL FISCHER; SAMUEL C.
WATERS; DENNIS A. BROSNAN; REGINALD P. CORLEY; REBECCA ANNE
ROBERTS; ANDREA K. ST AMAND; THOMAS C. HILDEBRAND, Jr.;
ROBERT WOODS; JENNY C. HONEYCUTT; JENNIFER A. COX,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Margaret B. Seymour, District
Judge. (2:08-cv-02573-MBS)

Submitted: January 15, 2009        Decided: January 21, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wesley Edward Smith, III, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs-Appellants Wesley Edward Smith, III and Leshell D. Smith appeal the district court's order dismissing their civil action challenging the foreclosure of their home. Plaintiffs asserted violations under 42 U.S.C. § 1983 (2000), the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501 et seq. (2000), and South Carolina law. Their case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the action be summarily dismissed for failure to state a claim on account of Plaintiffs' failure to attribute any state action to the named Defendants, to state a claim under the SCRA, and for lack of diversity supporting their claim under South Carolina law. The magistrate judge also clearly advised Plaintiffs that failure to file specific and timely objections to his recommendation could waive appellate review of a district court order based on the recommendation. Despite this warning, Plaintiffs filed only general, conclusory objections to the magistrate judge's recommendation as to Plaintiffs' failures concerning their SCRA and South Carolina law claims.

Plaintiffs then filed an amended complaint adding allegations of violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. (2000) and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. (2006). Concurring in

2

the magistrate judge's determination that Plaintiffs failed to state a cause of action under 42 U.S.C. § 1983 and concluding that Plaintiffs' claims under the FHA and the ECOA appeared untimely, that Plaintiffs failed to allege facts to show that the FHA claim was exhausted, and that Plaintiffs' challenge to the foreclosure, having been litigated in state court, was barred by res judicata, the district court adopted the report and recommendation and dismissed Plaintiffs' action.

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Fed. R. Civ. P. 72(b). The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to so object will waive appellate review. Orpiano, 687 F.3d at 47.

The Smiths have waived appellate review of their claims under the SCRA and South Carolina law by failing to direct the district court to specific errors in the magistrate judge's report and recommendation. See Wright v. Collins, 766

3

F.2d 841, 845-46 (4th Cir. 1985) (failure to file specific objections results in waiver of appellate review of the substance of that recommendation when parties have been warned of consequences of noncompliance). As to the Smiths' claims under § 1983, the FHA, and the ECOA, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. Smith v. Washington Mutual Bank, FA, Case No. 2:08-cv-02573-MBS (D.S.C. Oct. 14, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4