**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6280

BERNARD MCFADDEN,

Petitioner – Appellant,

v.

SIMON MAJOR, Director of Sumter-Lee Regional Detention
Center,

Respondent - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. J. Michelle Childs, District
Judge. (3:09-cv-02927-JMC)

Submitted: July 13, 2011              Decided: July 21, 2011

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Bernard McFadden, Appellant Pro Se. James M. Davis, Jr., Joel
Steve Hughes, DAVIDSON & LINDEMANN, PA, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard McFadden, proceeding pro se, appeals the district court's order adopting the magistrate judge's recommendation and denying relief on his 28 U.S.C.A. § 2241 (West 2006 & Supp. 2011) petition. On January 14, 2011, the magistrate judge issued a report recommending dismissal of McFadden's petition and denial of his motion to amend, with notice that objections were to be filed within fourteen days of service of the report. On February 7, 2011, the district court dismissed McFadden's action, adopting the magistrate judge's recommendation and stating that because McFadden failed to object to the report, he was not entitled to de novo review, an explanation of the district court's decision, or the right to appeal. McFadden timely appealed. On appeal, McFadden complains that he did not receive the magistrate judge's report or the accompanying notice. A litigant who fails to timely object in writing to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations, 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 2011), and is barred from contesting these determinations on appeal. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). However, this waiver is a prudential rule, not a jurisdictional requirement. United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984).

Consequently, when a litigant is proceeding pro se, this court has held that he must be given fair notice of the consequences of failing to object before such a procedural default will result. Wright, 766 F.2d at 846. When objections to a magistrate judge's determinations have been filed, de novo review by an Article III judge is not only required by statute, Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982), but has been held indispensable to the constitutionality of the Magistrate Judge's Act. United States v. Raddatz, 447 U.S. 667, 681-82 (1980).

The record supports McFadden's claim that he did not receive the magistrate judge's report. On January 18, 2011, the court received McFadden's change of address notice. On that same day, the magistrate judge's report was mailed to McFadden's original address. There is no indication in the record that the report was forwarded to McFadden's new address. Because it appears that McFadden did not receive either the magistrate judge's report itself or notice of the consequences of failing to object to the report, we are constrained to return the case to the district court so that McFadden can be provided with a copy of the report and notice of the need to file timely and specific objections to it.

Accordingly, we vacate the decision of the district court and remand for further proceedings consistent with this

3

opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED