**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1261**

CARMAX, INC.; CARMAX AUTO SUPERSTORES, INCORPORATED,

Plaintiffs - Appellees,

v.

MONTGOMERY BLAIR SIBLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:16-cv-00611-MHL-DJN)

Submitted: July 16, 2018                    Decided: July 19, 2018

Before WILKINSON and DUNCAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Montgomery B. Sibley, Appellant Pro Se. Julie Diane Hoffmeister, Alan Durrum Wingfield, TROUTMAN SANDERS, LLP, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carmax, Inc. and Carmax Auto Superstores, Incorporated (jointly hereinafter, "Carmax") brought a defamation against Montgomery Blair Sibley in state court. Sibley removed the action to federal court. Finding that there was no basis for federal subject matter jurisdiction, the district court subsequently remanded the case to state court but permitted Carmax to file a motion for attorneys' fees and costs. On April 17, 2017, the magistrate judge issued a report recommending awarding attorneys' fees to Carmax, with notice that objections were to be filed within 14 days after service of the report. On May 12, 2017, the district court awarded attorneys' fees to Carmax, adopting the magistrate judge's recommendation and noting that neither party had objected to the report. Sibley filed a motion to vacate the district court's order, arguing that he had not received a copy of the magistrate judge's report. The district court denied the motion. Sibley timely appealed, arguing that he was deprived of the opportunity to file objections to the magistrate judge's report and recommendation and that the district court lacked personal jurisdiction over him.[1]

A litigant who fails to timely object in writing to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations, 28 U.S.C. § 636(b)(1)(B) (2012), and is barred from contesting

---

[1] We conclude that Sibley forfeited his objections to personal jurisdiction by failing to timely raise them in the district court. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016).

those determinations on appeal. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). However, this waiver is a prudential rule, not a jurisdictional requirement. *United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984). Consequently, when a litigant is proceeding pro se, this court has held that he must be given fair notice of the consequences before such a procedural default will result. *Wright*, 766 F.2d at 846. When objections to a magistrate judge's determination have been filed, de novo review by an Article III judge is not only required by statute, *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982), but has been held indispensable to the constitutionality of the Magistrate Judge's Act. *United States vs. Raddatz*, 447 U.S. 667, 681-82 (1980).

The record supports Sibley's claim that he did not receive the magistrate judge's report from the district court. The entries on the district court's docket reflect that copies of all orders in the district court were sent to Sibley, but the entry for the magistrate judge's report contains no such notation. Sibley stated under penalty of perjury that he did not receive a copy of the report from the court. Because it appears that Sibley did not receive the report or notice of the consequences of failing to object to the report, we are constrained to return the case to the district court so that Sibley can be provided with a copy of the report and notice of the need to file timely and specific objections. Accordingly, we vacate the portion of the district court's order denying Sibley's motion to vacate and remand for further proceedings consistent with this opinion.[2]

---

[2] In the same order, the district court granted Carmax's motion to compel Sibley to comply with his discovery obligations. On appeal, Sibley does not raise any claims specifically challenging the portion of the order granting the motion to compel. (Continued)

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

Therefore, he has forfeited appellate review of that portion of the district court's order. *See* 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief).