**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7741**

_____

ROBBIE WAYNE PETERSON,

Plaintiff - Appellant,

v.

RICHARD P. BURGESS, of Cherokee County Sheriff Office,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg. Timothy M. Cain, District
Judge. (7:14-cv-00141-TMC)

_____

Submitted: April 30, 2015          Decided: June 11, 2015

_____

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Robbie Wayne Peterson, Appellant Pro Se. Stephanie Holmes
Burton, GIBBES & BURTON, LLC, Spartanburg, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Wayne Peterson appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint and state law defamation claim. The district court referred Peterson's case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), and the magistrate judge recommended dismissing the case. Although Peterson timely filed three objections to the magistrate judge's recommendation,[*] the district court determined that the objections were nonspecific and, thus, did not conduct a de novo review of any portion of the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve de novo review of the substance of the recommendation by the district court when the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140, 155 (1985). To qualify as specific, a party's objections must "reasonably . . . alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); see also United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (same). A district court's failure to

---

[*] Giving Peterson the benefit of the earliest possible date of filing, the objections were timely. See Houston v. Lack, 487 U.S. 266, 276 (1988) (prison mailbox rule).

2

apply the proper standard of review to a magistrate judge's recommendation warrants vacatur of the court's order.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

We conclude that Peterson's objections, although perhaps inartfully pled, were specific enough "to alert the district court of the true ground[s] for the objection[s]."  Midgette, 478 F.3d at 622; see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (recognizing that pro se pleadings, like Peterson's, are to be construed liberally).  Accordingly, we vacate the district court's order and remand for the court to conduct a de novo review of the portions of the magistrate judge's report to which Peterson objected.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED