**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7066

JOHN BACCUS, a/k/a John Baccus Roosevelt,

Plaintiff - Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge. (9:19-cv-00284-DCN)

Submitted: January 30, 2020                    Decided: February 10, 2020

Before AGEE, DIAZ, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John Roosevelt Baccus, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

South Carolina state prisoner John Baccus appeals the district court's order dismissing his petition for a writ of mandamus. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2018). The magistrate judge recommended that Baccus' petition be summarily dismissed. The district court, noting that it had not received objections from Baccus, accepted the magistrate judge's recommendations and dismissed Baccus' petition. Although we express no opinion regarding the merits of Baccus' suit, we vacate the dismissal and remand for further proceedings.

Ordinarily, a litigant has 14 days to file objections to a report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under Federal Rule of Civil Procedure 6(d), when a party must act within a specified time after being served, and service is made by mail, the party has an additional three days to act. If the deadline falls on a weekend or holiday, the period continues until the next business day. Fed. R. Civ. P. 6(a)(1)(C). In the case of an unrepresented prisoner, a submission is considered filed on the day the prisoner hands it to prison officials to mail to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The magistrate judge entered his recommendation on May 30, 2019. Because Baccus received the magistrate judge's recommendation by mail, he had 17 days from May 30, 2019, to file objections. That deadline fell on June 16, 2019, a Sunday, extending the objection period to the next business day, Monday, June 17, 2019. Baccus gave his objections to prison officials for mailing on June 17. On June 20, 2019, before receiving

2

Baccus' objections, the district court accepted the magistrate judge's recommendation and dismissed Baccus' petition, citing Baccus' failure to file objections.

Because Baccus' objections were timely filed under *Houston v. Lack*, the district court was obligated to conduct a de novo review of the portions of the recommendation to which Baccus objected. 28 U.S.C. § 636(b). And because the district court dismissed Baccus' petition before receiving his timely objections, we must vacate the district court's judgment and remand for consideration of Baccus' objections. *See Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (holding that failure to conduct de novo review of timely objections is reversible error). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*